ENTERED MAY 2 2 2007

FILED MAY 2 2 2007

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

LESTER D. BOURAGE, SR.

Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. LA 06-15095 ER

Chapter 7

**MEMORANDUM OF DECISION DENYING MOTION FOR ORDER TO REOPEN CASE TO ALLOW FOR THE FILING OF THE FINANCIAL MANAGEMENT COURSE CERTIFICATE, FOR APPROVAL OF REAFFIRMATION**

[NO HEARING]

On April 27, 2007, Debtor Lester D. Bourage, Sr. ("Debtor") filed a Motion for Order to Reopen Case to Allow for the Filing of the Financial Management Course Certificate, for Approval of Reaffirmation[1]

---

[1] By order entered April 10, 2007, a reaffirmation agreement between the Debtor and Wells Fargo Auto Finance ("Reaffirmation Agreement") was disapproved due to the Debtor's failure to appear at the reaffirmation hearing. The Reaffirmation Agreement was filed on February 14, 2007. On February 21, 2007, the Court mailed a Notice of Hearing re: Reaffirmation Agreement to the Debtor, which stated that "[i]f the Debtor(s) choose(s) not to appear at the hearing [held on April 4, 2007], the Reaffirmation Agreement will be disapproved and declared unenforceable." In the Motion, the Debtor indicates that he "was not diligent in checking [his] mail" because he "was in the process of moving." He also states that he did not attend the hearing because he mistakenly believed his appearance was not necessary for court approval of the
(continued...)

("Motion"). No hearing was set. In the Motion, the Debtor requests that his case be reopened so that he may file a financial management course certificate.[2] For the reasons given *infra* Part III, the Motion is denied.

**I.  Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a)(2006) ("[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11."), 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."), General Order No. 266 of the United States District Court for the Central District of California (referring "all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11" to the district's bankruptcy judges), and 28 U.S.C. § 157(b) ("Bankruptcy judges may hear and determine . . . all core proceedings . . . ."). The Debtor's Motion is a core proceeding because reopening a bankruptcy case to file

---

[1](...continued)
Reaffirmation Agreement and because his work schedule was crowded. If his case is reopened, the Debtor requests that the court set another hearing on the Reaffirmation Agreement.

[2] In relevant part, § 727 of the Bankruptcy Code states: "The Court shall grant the debtor a discharge, unless . . . after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in [11 U.S.C. § 111] . . . ." 11 U.S.C. § 727(a)(11).

In order to demonstrate compliance with § 727(a)(11), the United States Bankruptcy Court for the Central District of California requires all individual debtors in Chapter 7 cases to file Official Form 23 (which is captioned "Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management"). See Local Bankruptcy Rule 1002-1(c); Official Form 23.

-2-

an official Bankruptcy Court form and a financial management course certificate are administrative matters that arise only in bankruptcy. See Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir. 1995).

**II.    Statement of Facts and Procedural History**

The Debtor filed a voluntary Chapter 7 petition on October 10, 2006. Two days later, on October 12, 2006, the Court served by mail a "Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management (Official Form 23)" ("Notice"). The Notice informed the Debtor that, in order to receive a discharge, he must file Official Form 23 within 45 days after the first date set for the meeting of creditors under § 341(a).[3] The Notice also explained that "[f]ailure to file the certification will result in the case being closed without entry of a discharge."[4] The Debtor never filed Official Form 23. As a result, his case was closed without a discharge by order entered April 17, 2007.[5]

---

[3] The § 341(a) meeting of creditors in this case was first set for November 9, 2006. Therefore, Official Form 23 was due on December 26, 2006.

[4] The Notice also indicated that: "If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Official Form 23, the debtor(s) must pay the full reopening fee due for filing the Motion." This sentence was intended to encourage the Debtor to timely file Official Form 23 by making him aware that he would be required to pay a reopening fee with any request to reopen his case. It does not suggest that the Debtor may choose to file Official Form 23 anytime after his case was closed simply by paying an additional fee.

[5] On February 16, 2007, Chapter 7 Trustee Edward M. Wolkowitz made a notation on the Docket Sheet for this case indicating that he had concluded the § 341(a) meeting and determined that "there are no assets to administer for the benefit of creditors of this estate." He also requested that he be discharged from office and relieved of his trustee duties in this case.

-3-

The Debtor now argues that his failure to file Official Form 23 was due to "excusable neglect, mistake, and other events beyond [his] control." He explains that never received notice of the financial management course requirement either from this Court or from parties in attendance at his § 341(a) meeting. The Debtor suggests that he did not receive some of his mail because he was moving.[6] Finally, the Debtor states that, as a paralegal by trade, he has assisted numerous individuals to prepare bankruptcy petitions in the past. However, "because of the recent changes in the bankruptcy laws," the Debtor explains, he found his "own bankruptcy to be very challenging."[7]

### III. Discussion

Section 350(b) of the Bankruptcy Code states: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). However, "[t]he court's decision to reopen is entirely within its sound discretion, based upon the circumstances of each case." Elias v. Lisowski Law Firm, CHTD. (In re Elias), 215 B.R. 600, 604 (B.A.P. 9th Cir. 1997) aff'd sub nom. Elias v. United States Trustee (In re Elias), 188 F.3d 1160, 1161 (9th Cir. 1999).

Here, the Court finds that the circumstances do not warrant reopening the Debtor's case. The Debtor states that he finds the recent changes in the bankruptcy laws to be "challenging." However,

---

[6] The Debtor states in a sworn declaration that he "was not diligent in checking [his] mail at the 1725 La Fayette Road address [the mailing address listed in the Court's file] because [he] was in the process of moving to Anaheim, California."

[7] In 2005, Congress enacted the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") which, inter alia, changed many of the requirements for individuals in Chapter 7 cases. Presumably the Debtor was referring to BAPCPA when he stated that the changes in the bankruptcy laws were "challenging."

this does not excuse the Debtor from complying with unambiguous Bankruptcy Code provisions and Bankruptcy Rules. See, e.g., Warrick v. Birdsell, 278 B.R. 182, 187 (9th Cir. BAP 2002)(concluding that a debtor's status as pro se litigant did not excuse her failure to understand and follow unambiguous rules governing time for appeal, particularly in light of the fact that she held law degree and also ran paralegal firm). Both Interim Bankruptcy Rule 1007(c) and the Notice clearly indicate that the required statement of compliance with the financial management course requirement must be "filed by the debtor within 45 days after the first date set for the meeting of creditors under § 341 of the Code in a chapter 7 case." Interim Bankr. R. 1007(c). The Debtor was required to comply with this deadline, even if it was difficult for him to understand all of the provisions of the Bankruptcy Code and Bankruptcy Rules. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (noting that pro se litigants are not excused from following court rules).

Furthermore, the Court is not persuaded by the Debtor's argument that he was unaware of the financial management course requirement. Two days after his case was filed, the Court sent the Notice to the Debtor explaining that he was required to complete a financial management course in order to receive a discharge. Although the Debtor suggests that he was moving and, as a result may not have received the Notice in the mail, the Court notes that the Debtor never filed a notice of change of address. Moreover, the Debtor's mailing address listed on the Motion to Reopen is the same address listed in the Debtor's petition. It is also the same address to which the Court mailed the Notice. Even if the Debtor has moved, his mailing address apparently never changed. Therefore, service of the Motion appears to

be proper. Accordingly, the Debtor is not excused from filing Official Form 23 merely because he was busy at work or because he "was not diligent in checking [his] mail."

**IV.  Conclusion**

The Motion is denied. The Debtor has not demonstrated that his case should be reopened under 11 U.S.C. § 350(b). No hearing on the Motion or on any reaffirmation agreement will be scheduled.

DATED: May 22, 2007

_____
ERNEST M. ROBLES
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, _____*Lydia Gonzalez*_____, hereby certify that on MAY 2 2 2007,
I sent by U.S. mail a true copy of the **MEMORANDUM OF DECISION DENYING MOTION FOR ORDER TO REOPEN CASE TO ALLOW FOR THE FILING OF THE FINANCIAL MANAGEMENT COURSE CERTIFICATE, FOR APPROVAL OF REAFFIRMATION** to the parties at the addresses listed below:

*Debtor*
Lester Doneal Bourage, Sr
1725 La Fayette Rd
Los Angeles, Ca 90019

*Chapter 7 Trustee*
Edward M Wolkowitz
Robinson, Diamant & Wolkowitz
1888 Century Park East, #1500
Los Angeles, CA 90067

*U.S. Trustee*
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

_____*Lydia Gonzalez*_____
Clerk